**Dr. Henry G. WALDING, Plaintiff,**

v.

**ATLAS VAN LINES, INTERNATIONAL, Defendant.**

**Civ. No. A–85–CA–013.**

United States District Court, W.D. Texas, Austin Division.

April 21, 1986.

Bruce Anderson, Davis & Davis, Austin, Tex., for plaintiff.

Karl Johnson, Robert B. Burns, Jr., Wilson, Grosenheider & Burns, Austin, Tex., for defendant.

## ORDER

WALTER S. SMITH, Jr., District Judge.

Came on this day to be considered Defendant's Motion to Dismiss. After reviewing said Motion and the response of Plaintiff, the Court has concluded that it lacks subject matter jurisdiction over this case and must, therefore, grant Defendant's Motion to Dismiss.

Plaintiff was an employee of Aramco, a New York Corporation, and was working in Saudi Arabia. In May, 1983, Plaintiff moved from Saudi Arabia to begin work in Austin, Texas. Plaintiff's goods were transported from Saudi Arabia to Houston, Texas, by East/West Express of Damman, Saudi Arabia. Defendant Atlas Van Lines, International moved Plaintiff's goods from Houston to Austin, Texas. Upon receipt of his goods in Austin, Plaintiff discovered that a number of items were either missing or damaged in transit. Plaintiff seeks to recover the value of the missing or damaged goods in the amount of $28,556, pursuant to the provisions of 49 U.S.C. § 11707.

Title 49, United States Code, § 11707 provides in pertinent part:

(a)(1) A common carrier providing transportation or service *subject to the jurisdiction of the Interstate Commerce Commission under subchapter I, II, or IV of chapter 105 of this title* shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission under subchapter I, II, or IV are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivering carrier, or (3) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading and applies to property reconsigned or diverted under a tariff filed under subchapter IV of chapter 107 of this title. Failure to issue a receipt of bill of lading does not affect the liability of the carrier. A delivering carrier is deemed to be the carrier performing the linehaul transportation nearest the destination but does not include a carrier providing only a switching service at the destination. (emphasis added)

Defendant's Motion to Dismiss states that the provisions of 49 U.S.C. § 10501, *et seq.*, and 49 U.S.C. § 11707 do not grant jurisdiction to the Interstate Commerce Commission over claims involving:

1. interstate transportation; and

2. transportation between a non-adjacent foreign country and Texas.

Plaintiff responds that the language in the statute involving "adjacent foreign countries" applies only in situations where liability is sought to be imposed on a carrier other than the receiving or delivery carrier.

Plaintiff asserts in his complaint, and Defendant does not contradict, that Defendant was the delivering carrier of Plaintiff's goods. Atlas Van Lines delivered Plaintiff's goods to Austin, Texas, after transporting them from Houston. Thus, this Court finds Defendant Atlas Van Lines, International to be the delivering carrier of Plaintiff's goods. Therefore, the Court will not address the issue raised by Defendant of transportation by "another carrier" from a place in the United States to a place in an adjacent foreign country.

For a delivering carrier to be liable for damages or injury to goods under the above statute, it is necessary that said carrier be subject to the jurisdiction of the Interstate Commerce Commission. Chapter 105 of Title 49, United States Code, sets forth the general jurisdiction of the Commission.

Plaintiff maintains generally that "[t]he shipment in question is clearly subject to the jurisdiction of the Commission under the provisions of subchapter I, II, and IV of chapter 105."

Subchapter I, Chapter 105 of Title 49 contains the jurisdictional provisions of transportation by railroad, railroad and water or pipeline. Transportation by Atlas Van Lines did not involve a railroad or pipeline, nor did it involve a water carrier. This section is, therefore, inapplicable to the facts at bar.

Subchapter IV, Chapter 105 of Title 49 contains the jurisdictional provisions of a freight forwarder service. Plaintiff has not alleged, and there is nothing in the pleadings to support the contention, that Atlas Van Lines acted as a freight forward-

er. This section is also inapplicable to the question before the Court.

Subchapter II, Chapter 105 of Title 49 sets forth the provisions governing motor carrier transportation. The Court finds Defendant Atlas Van Lines to be a motor carrier within the terms of this statute. 49 U.S.C. § 10102(12). Section 10521 states the general jurisdiction of the Interstate Commerce Commission as follows:

(a) Subject to this chapter and other law, the Interstate Commerce Commission has jurisdiction over transportation by motor carrier and the procurement of that transportation to the extent that passengers, property, or both, are transported by motor carrier—

(1) between a place in—

(A) a State and a place in another State;

(B) a State and another place in the same State through another State;

(C) the United States and a place in a territory or possession of the United States to the extent the transportation is in the United States;

(D) the United States and another place in the United States through a foreign country to the extent the transportation is in the United States; or

(E) the United States and a place in a foreign country to the extent the transportation is in the United States; and

(2) in a reservation under the exclusive jurisdiction of the United States or on a public highway.

The only provision that could arguably provide jurisdiction to the Interstate Commerce Commission over Atlas Van Lines in this instance would be subsection (a)(1)(E). However, the Court finds that subsection to be applicable in this situation *only if* there existed a through bill of lading from Saudi Arabia to Austin, Texas.

That is not the situation currently before the Court. It is undisputed that Defendant had receipt of Plaintiff's goods only from Houston to Austin, entirely within the State of Texas. There was no through bill of lading from Saudi Arabia to Austin. Defendant had *no role* in transporting

Plaintiff's goods from Saudi Arabia, and is not subject to the jurisdiction of the Interstate Commerce Commission under Title 49, United States Code, Chapter 105, Subchapter I, II or IV. Consequently, Defendant cannot be liable for damages under the provisions of 49 U.S.C. § 11707.

Because this case does not present a federal question for review, this Court must dismiss for lack of subject matter jurisdiction. 28 U.S.C. § 1331(a); *Western Trans. Co. v. Couzens Warehouse*, 695 F.2d 1033, 1037 (7th Cir.1982). Accordingly,

It is, therefore, ORDERED that Defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b), Federal Rules of Civil Procedure, be and is hereby GRANTED. This case is hereby dismissed without prejudice; Plaintiff is to bear all costs.